# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CHERYL EMERSHAW-<br>ANDRIEUX,<br><br>    Plaintiff-Below,<br>    Appellant,<br><br>    v.<br><br>JEFFREY S. BIDDLE and STATE<br>FARM MUTUAL AUTOMOBILE<br>INS. CO.,<br><br>    Defendants-Below,<br>    Appellees. | § No. 181, 2014<br>§<br>§<br>§<br>§<br>§ Court Below—Superior Court<br>§ of the State of Delaware<br>§ in and for Sussex County<br>§ C.A. No. S12C-03-009 THG<br>§<br>§<br>§<br>§<br>§<br>§ |

Submitted: February 25, 2015
Decided:    March 16, 2015

Before **HOLLAND, VALIHURA,** and **VAUGHN**, Justices.

## O R D E R

This 16th day of March 2015, it appears to the Court that:

(1)    Plaintiff-Below/Appellant Cheryl Emershaw-Andrieux ("Emershaw") appeals from a final judgment of the Superior Court that was entered in favor of the Defendants-Below/Appellees Jeffrey S. Biddle ("Biddle") and State Farm Mutual Automobile Insurance Company ("State Farm").

(2)    In this appeal, Emershaw contends that the trial court erred when it denied her motion for a new trial. In support of that contention, Emershaw argues that the jury failed to follow the instructions provided by the trial court and that the

jury's verdict was against the great weight of the evidence. We have determined that the Superior Court properly denied Emershaw's motion for a new trial.

(3) On June 4, 2010, Emershaw was stopped in her vehicle at a red light, with her son in the passenger front seat, on Delaware Route 24 near Rehoboth Beach, Delaware. While stopped behind Emershaw's vehicle at the red light, Biddle's vehicle came into contact with the rear of Emershaw's vehicle. Biddle contends his vehicle was pushed into Emershaw's vehicle as a result of an unknown/phantom vehicle hitting his vehicle from behind and pushing his vehicle into Emershaw's vehicle.

(4) Immediately after the accident, Emershaw and Biddle made a left turn and pulled over to make certain no one was injured and to exchange information. Biddle testified, at that time, he observed the driver of the phantom vehicle slow down, shrug his shoulders, and then drive away. The phantom vehicle was never identified.

(5) On March 8, 2012, Emershaw filed a complaint in the Delaware Superior Court against Biddle and Emershaw's uninsured motorist carrier, State Farm, which stands in the place of the unknown/phantom driver.

(6) At trial, Biddle testified that he was not at fault because the unknown/phantom driver pushed his vehicle into Emershaw's. Emershaw and her son testified that no other vehicles were involved in the accident. However, both

Emershaw and her son testified they were looking forward and did not see the collision as it occurred. Emershaw's claim of injury was supported by one physician who examined her but had not treated her.

(7) The jury found Biddle's and the phantom vehicle's negligence to be zero percent each. The jury also found the amount of personal injury damages proximately caused by the accident to be zero.

(8) Emershaw filed a motion for a new trial. The trial judge denied the motion. This is Emershaw's appeal from that decision.

(9) The standard of review for new trial motions in the Superior Court and in this Court was set forth in *Storey v. Camper*, as follows:

> Thus, on weight of the evidence motions, we hold that a trial judge is only permitted to set aside a jury verdict when in his judgment it is at least against the great weight of the evidence. In other words, barring exceptional circumstances, a trial judge should not set aside a jury verdict on such grounds unless, on a review of all the evidence, the evidence preponderates so heavily against the jury verdict that a reasonable jury could not have reached the result.
>
> We turn now to the role of this Court on appeal. Generally, in an appeal from either the grant or denial of a new trial, the sole question is whether the decision constituted an abuse of discretion.
>
> When the motion for a new trial solely on weight of the evidence grounds is denied in a jury case, this Court on appeal is bound by the jury verdict if it is supported by

evidence[1] because *Delaware Constitution*, Art. IV, § 11 states that "on appeal [in civil cases] from a verdict of a jury, the findings of the jury, if supported by evidence, shall be conclusive."[2] This Constitutional language was added in 1960 when the appeal provision replaced the writ of error. Its inclusion reemphasizes the prime role of the jury as a continuing concept in Delaware Constitutional Law.[3]

(10) Emershaw argues that the jury failed to follow the trial court's instructions because the jury found neither defendant negligent, even though the verdict form stated the "[t]otal between Defendant Biddle and phantom vehicle must equal 100%."

(11) The instructions to the jury included the following definition of negligence:

> Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances. That standard is your guide. If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent. On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person was not negligent.

(12) The jury was also instructed that negligence is never presumed and negligence "must be proved by a preponderance of the evidence before plaintiff is entitled to recover. No presumption that the defendant or defendants were

---

[1] *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979) (internal citations omitted).
[2] *Id.* citing DEL. CON. art. IV, § 11.
[3] *Id.* at n.8; *see also McCool v. Gehret*, 657 A.2d 269 (Del. 1995) (reviewing the history of fact finding by juries in Delaware).

4

negligent arises from the mere fact that an accident occurred." In addition, the jury was instructed that it was Emershaw's burden of proving the defendants were negligent by a preponderance of the evidence.

(13) Finally, the jury was instructed: "If two or more defendants are negligent and their negligence combines to cause injury, you must determine their relative degrees of fault. Using 100 percent as the total amount of the defendants negligence, you must decide the percentage of each defendant's negligence . . . I'll give you a special-verdict form for this one to allow you to make these answers."

(14) At no time during the prayer conference was any objection raised by Emershaw to the jury instructions proposed by the trial judge, which included "negligence is never presumed" and a requirement that Emershaw prove her case by a preponderance of the evidence.

(15) The record reflects that the jury was properly instructed that "[i]t must not single out any one instruction alone as stating the law, but [i]t should consider all these instructions together as a whole." As a general rule, "Delaware law . . . presumes that the jury followed the judge's instructions."[4]

(16) When the jury instructions are read as whole, it is clear that the sentence on the Special Verdict Form "Total between Defendant Biddle and phantom vehicle must equal 100%" is only applicable if both defendants are found

[4] *Brittingham v. Layfield*, 962 A.2d 916 (Del. 2008) (citing *Reinco v. State*, 906 A.2d 103, 112 n.20 (Del. 2006); *Fuller v. State*, 860 A.2d 324, 329 (Del. 2004)).

to be negligent. Since the jury found that neither defendant was negligent, the sentence did not apply. Accordingly, the jury did not fail to follow the trial judge's instructions.

(17) Emershaw also argues that a new trial was warranted because the jury verdict was against the great weight of the evidence. The record reflects that Emershaw's claim is without merit. Emershaw's conclusory statement that the jury verdict was against the great weight of evidence is unavailing. In denying Emershaw's motion for a new trial, the trial judge ruled that a reasonable jury could have found that there was no negligence (an accident) and alternatively, that the collision was not the proximate cause of Emershaw's injuries.

(18) The only evidence presented about what happened came from Biddle. He testified he was stopped behind Emershaw's vehicle, was impacted in the rear, and then pushed forward where he came into contact with her vehicle. Emershaw and her son had no information and presented no testimony about what took place behind Emershaw's vehicle before they felt an impact to the rear of the vehicle. They merely testified that there was an impact. The jury was instructed that negligence is not presumed but must be established by Emershaw by a preponderance of the evidence. In denying the motion for a new trial, the trial judge determined that a reasonable jury could conclude Emershaw's evidence "that an accident occurred" was not sufficient to prove negligence.

(19)    In denying the motion for a new trial, the trial judge noted that: Emershaw did not provide her expert with her medical history; avoided questions regarding her chronic back pain; and put her credibility at issue due to the fact that she used a cane at trial but not at her medical examination. Based on these facts, the trial judge found that a reasonable jury would discount the testimony of Emershaw and her expert and find the collision was not the proximate cause of her back pain.

(20)    In this case, the trial judge stated the *Storey* standard and then applied it to the facts. The record reflects that the trial judge did not abuse his discretion when he found that a reasonable jury could return a verdict in favor of both defendants because Emershaw failed to meet her burden of proof as to both negligence and damages.

NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court be, and the same hereby, are AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

7